1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  JAMES EDWARD GOWDY,                    | Case No.  1:14-cv-01927-AWI-GSA-HC

12            Petitioner,                  | FINDINGS AND RECOMMENDATION
                                            REGARDING PETITION FOR WRIT OF
13       v.                                 HABEAS CORPUS

14  A. GILL,

15            Respondent.

16

17

18   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2241.

20                                    **I.**

21                                **BACKGROUND**

22   Petitioner is presently incarcerated at the Federal Correctional Institution in Mendota,

23   California.  In the instant petition filed on December 3, 2004, Petitioner challenges his 2009

24   conviction and sentence in United States District Court for the Northern District of Mississippi

25   for being a felon in possession of ammunition.  See United States v. Gowdy, Case No. 3:08-cr-

26   00167-WHB-JCS-1 (S.D. Miss. June 19, 2009).[1]  He was sentenced under the Armed Career

27   _____

28   [1] This Court "may take notice of proceedings in other courts, both within and without the federal
     judicial system, if those proceedings have a direct relation to matters at issue."  U.S. ex rel.

1

1  Criminal Act ("ACCA").  Petitioner appealed to the Fifth Circuit Court of Appeals, and the

2  judgment was affirmed on January 29, 2010.  See United States v. Gowdy, 364 Fed.App'x 61,

3  2010 WL 445458 (Jan. 29, 2010).  Petitioner's petition for writ of certiorari was denied by the

4  United States Supreme Court on June 1, 2010.  See Gowdy v. United States, 560 U.S. 946, 130

5  S.Ct. 3372, 176 L.Ed.2d 1258 (2010).

6  Petitioner then filed a motion to vacate, set aside or correct the sentence with respect to

7  this conviction pursuant to 28 U.S.C. § 2255 in the Northern District of Mississippi, which was

8  denied on January 5, 2011.  Petitioner's appeal was dismissed by the Fifth Circuit Court of

9  Appeals on July 15, 2011.  See Gowdy v. United States, No. 11-60303 (5th Cir. July 15, 2011).

10  A review of the Court's dockets reveals that Petitioner has filed petitions for § 2241 relief

11  in the Eastern District of Texas and this Court.  On November 8, 2011, Petitioner's first federal

12  petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 was denied by the Eastern District

13  of Texas in Gowdy v. Gill, 2011 WL 5439068 (E.D.Tex. November 8, 2011).  On October 24,

14  2012, Petitioner's federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was

15  denied by this Court in Gowdy v. Gill, 2013 WL 5289310 (E.D.Ca. October 24, 2012).  On

16  September 18, 2013, the Ninth Circuit denied Petitioner's request for a certificate of

17  appealability.  See Gowdy v. Gill, no-12-17465, ECF No. 11.  Petitioner's petition for writ of

18  certiorari was denied by the United States Supreme Court on October 6, 2014.

19  **II.**

20  **DISCUSSION**

21

22  A federal court may not entertain an action over which it has no jurisdiction.  Hernandez

23  v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the

24  validity or constitutionality of his federal conviction or sentence must do so by way of a motion

25  to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d

26  ────────────────

27  Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980). Accordingly, the Court takes judicial notice of United States v.

28  Gowdy, Case No. 3:08-cr-00167-WHB-JCS-1 (5th Cir. 2009).

2

1  1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert.*

2  *denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983)=; In re

3  Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th

4  Cir. 1981).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.

5  In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a

6  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929

7  F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

8  F.2d 840, 842 (5th Cir.1980).

9        In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

10  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district

11  where the petitioner is in custody.  See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204

12  F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th

13  Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell,

14  37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

15  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921

16  F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir.

17  1987).

18        "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

19  which a federal prisoner may test the legality of his detention, and that restrictions on the

20  availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

21  Stephens, 464 F.3d at 897 (citations omitted).  Therefore, the proper vehicle for challenging a

22  conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

23        Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek

24  relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or

25  ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th

26  Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65.  The Ninth Circuit has

27  recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.)

28  (as amended), cert. denied, 540 U.S. 1051 (2003).  The remedy under § 2255 usually will not be

1    deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a

2    remedy under that section is procedurally barred.  See Aronson v. May, 85 S.Ct. 3, 5 (1964)

3    (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d

4    at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255

5    petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope,

6    229 F.2d 582 (9th Cir. 1956).

7          The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241

8    pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the

9    crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot'

10   at presenting this claim."  Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954

11   (9th Cir.2000)); see also Stephens, 464 F.3d at 898.  In explaining that standard, the Ninth

12   Circuit stated:

13                    In other words, it is not enough that the petitioner is presently
                     barred from raising his claim of innocence by motion under §
14                   2255. He must never have had the opportunity to raise it by
                     motion.
15

16   Ivy, 328 F.3d at 1060.  The burden is on the petitioner to show that the remedy is inadequate or

17   ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

18         Petitioner maintains that, subsequent to his conviction, the United States Supreme Court

19   case of Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577 (2010), altered the

20   requirements for calculating the requisite qualifying prior convictions for the ACCA, and thus he

21   should not be sentenced pursuant to the ACCA.  Petitioner argues that his sentence should be

22   lowered to ten (10) years imprisonment, because he should not have been sentenced pursuant to

23   the ACCA.  Petitioner claims that because the maximum sentence for his 2004 conviction was

24   only five (5) years imprisonment, and the ACCA prong requires that a defendant face at least ten

25   (10) years imprisonment to qualify as a prior conviction under the ACCA, that 2004 conviction

26   cannot be used as a qualifying prior conviction for the ACCA.  The reasoning of Carachuri-

27   Rosendo is clearly a direct challenge to Petitioner's conviction, not to the execution of his

28   sentence.   Indeed, Petitioner concedes as much in his Petition.   Therefore, Petitioner is

1  challenging the validity and constitutionality of his federal sentence imposed by the United

2  States District Court for the Northern District of Mississippi, rather than an error in the

3  administration and execution of his sentence.  Thus, the appropriate procedure would be to file a

4  motion pursuant to § 2255 in the Northern District of Mississippi, and not a § 2241 petition in

5  this Court.

6          Petitioner argues, however, that § 2255 is inadequate and ineffective for gaining relief,

7  because he did not have an opportunity to raise his Carachuri-Rosendo claim in his § 2255

8  petition.  The decision in Carachuri-Rosendo was issued on June 14, 2010, prior to the decision

9  in Petitioner's § 2255 motion by approximately six months, and therefore, Petitioner had the

10 opportunity to raise his challenge under Carachuri-Rosendo in his § 2255 motion.

11         Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of

12 Section 2255 because Petitioner's claims are not proper claims of "actual innocence."  In the

13 Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is

14 tested by the standard articulated by the United States Supreme Court in Bousley v. United

15 States, 523 U.S. 614 (1998).  In Bousley, the Supreme Court explained that, "[t]o establish actual

16 innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not

17 that no reasonable juror would have convicted him."   Bousley, 523 U.S. at 623 (internal

18 quotation marks omitted).  Furthermore, "actual innocence means factual innocence, not mere

19 legal insufficiency."  Id.

20         The standards announced by the various circuit courts for an "actual innocence" claim

21 contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v. United

22 States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re

23 Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re

24 Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

25         Petitioner's only argument in support of his innocence claim is the holding in Carachuri-

26 Rosendo.  In Carachuri-Rosendo, the Supreme Court addressed the applicability of a state's

27 recidivist  law  to  the  aggravated  felony  determination  in  an  immigration  context.

28 However, Carachuri-Rosendo  is  not  relevant  to  the  issue  of  whether  Petitioner  is  actually

1    innocent of the crime for which he has been convicted, which is the standard for a claim to

2    qualify under the savings clause.  See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

3    While Petitioner argues that this Court should allow him to utilize the savings clause because the

4    Ninth Circuit has reserved on the issue of whether a claim that a sentence was above the

5    statutory maximum qualifies for the "actual innocence" requirement of the savings clause, the

6    Ninth Circuit has not held that a petitioner's claim that he is innocent of the sentence qualifies

7    for the savings clause, and therefore, Petitioner cannot avail himself of the savings clause.  See

8    Marrero, 682 F.3d at 1194-95.  Moreover, because Carachuri-Rosendo is presently inapplicable

9    to cases that are on collateral review, such as the present case, Petitioner is unable to avail

10   himself of the "savings clause."

11         Motions pursuant to § 2255 must be heard in the sentencing court.  28 U.S.C. § 2255(a);

12   Hernandez, 204 F.3d at 864-65.  Because this Court is only the custodial court and construes the

13   Petition as a §2255 motion, this Court lacks jurisdiction over the Petition.  Hernandez, 204 F.3d

14   at 864-65.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by

15   way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the

16   sentencing court.

17                                              **III.**

18                                      **RECOMMENDATION**

19         Accordingly, the Court HEREBY RECOMMENDS that:

20   1.  The Petition for Writ of Habeas Corpus be DISMISSED as the petition does not allege

21       cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241; and

22   2.  The Clerk of Court be DIRECTED to enter judgment for Respondent and terminate the

23       case.

24         This Findings and Recommendation is submitted to the assigned United States District

25   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

26   Rules of Practice for the United States District Court, Eastern District of California.  Within

27   thirty (30) days after service of the Findings and Recommendation, any party may file written

28   objections with the court and serve a copy on all parties.  Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the objections

2 shall be served and filed within fourteen (14) days after service of the objections.  The Court will

3 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

4 advised that failure to file objections within the specified time may waive the right to appeal the

5 District Court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

6 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

7

IT IS SO ORDERED.
8

9    Dated:   **January 9, 2015**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28